IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| | ) | |
| PATRCIA D. CLARK | ) | Case No. 10-11769 |
| | ) | |
| | ) | |
| Debtor. | ) | Chapter 13 |
| _____ | ) | |

**MEMORANDUM OPINION**

This matter came before the Court for hearing on February 3, 2011, upon the Objection to Claim Number 6 of Larry Clark, Sr. in the Amount of $103,300 (the "Objection") filed by the above captioned debtor (the "Debtor") on December 17, 2010, and the Objection to the Debtor's Objection to Proof of Claim (the "Response") filed by Larry D. Clark ("Mr. Clark") on December 30, 2010. Donald K. Speckhard appeared on behalf of the Debtor, and Harry G. Gordon appeared on behalf of Mr. Clark. After consideration of the Objection, the Response, the evidence presented at the hearing, the arguments of counsel, and the relevant law, the Court holds that Mr. Clark's claim does not constitute a domestic support obligation and will sustain the Objection.

**I. JURISDICTION**

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B), which this Court has the jurisdiction to hear and determine.

## II.  FACTS

On January 28, 2008, the Debtor was granted an absolute divorce from Mr. Clark.  On April 14, 2009, a judgment was entered resolving the parties' equitable distribution claims.  Paragraph 7 of that judgment provides that the Debtor is to take the marital business and pay Mr. Clark "as a distributive award the sum of $104,500 payable at the rate of $800 a month commencing on May 1, 2009 and a like amount on the first day of each month thereafter until the award is paid in full."  On November 30, 2009, an order was entered dismissing the divorce action.

On September 23, 2010, the Debtor filed for Chapter 13 relief, having made partial payments to Mr. Clark totaling $1,200.  On October 26, 2010, Mr. Clark filed a proof of claim for the balance due under the divorce judgment, claiming that his claim is a priority claim.  The Debtor objects to Mr. Clark's proof of claim, arguing that it is based on an equitable distribution award, not a domestic support obligation, and is therefore simply a general unsecured claim.  Mr. Clark argues that the payments are alimony payments, which are entitled to Section 507(a)(1)(A) priority.

## III.  DISCUSSION

Section 523 of the Bankruptcy Code provides that certain debts are non-dischargeable in a bankruptcy case.  Specifically, Section 523 states that:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–
> . . .
> (5) for a domestic support obligation;
> . . .
> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a government unit; . . .

Section 101(14A) provides that a domestic support obligation ("DSO") is:

> a debt that accrues before, on, or after the date of the order of relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is -
> (A) owed to or recoverable by -
> (I) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
> (ii) a governmental unit;
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of -
> (I) a separation agreement, divorce decree, or property settlement agreement;
> (ii) an order of a court of record; or
> (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
> (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A).

Sections 523(a)(5) and (15) operate to provide greater protection for alimony, maintenance, and support obligations owing to a spouse, former spouse, or child of a debtor in bankruptcy. In re Deberry, 429 B.R. 532, 537 (Bankr. M.D.N.C. 2010) (citing In re Johnson, 397 B.R. 289, 295 (Bankr. M.D.N.C. 2008)). In a Chapter 13 case, such DSOs may not be discharged, while other types of debts arising out of a separation or divorce, including property settlements or equitable distribution awards, are dischargeable. Id. If an obligation underlying the claim is deemed a DSO pursuant to Section 523(a)(5), then the claim is entitled to priority treatment pursuant to Section 507(a)(1)(A), and any Chapter 13 plan must provide for its full payment, pursuant to Section

1322(a)(2). Johnson, 397 B.R. at 295-96.

In order for the Debtor's obligation to pay Mr. Clark $800 per month to be classified as a DSO, it must be (1) owed to or recoverable by Mr. Clark; (2) in the nature of alimony, maintenance, or support; (3) established before the Debtor filed for bankruptcy relief by a separation agreement or divorce decree; and (4) not assigned other than for collection purposes. 11 U.S.C. § 101(14A); see also Johnson, 397 B.R. at 296. Whether a payment qualifies as a DSO is a fact specific inquiry, and the claimant has the burden of proof to show that his claim is entitled to priority. In re Catron, 164 B.R. 912, 916 (E.D. Va. 1994), aff'd, 43 F.3d 1465 (4th Cir. 1994). Mr. Clark, however, offered no evidence in support of his argument that his claim is a DSO. Moreover, the unambiguous language of the April 19, 2009 divorce judgment indicates that it is a distributive award intended to be a marital property settlement. Specifically, the judgment provides only for the distribution of marital property, states that it "resolves all claims by either party for equitable distribution," and does not, by its terms, address any debt in the nature of alimony, maintenance, or support.

Based on the evidence in the record, the Court finds that Mr. Clark failed to carry his burden of proof that his claim is a DSO. Therefore, the Court concludes that the $104,500 obligation of the Debtor to Mr. Clark is part of the equitable distribution award provided by the divorce judgment, not a DSO entitled to priority under Section 507(a)(1)(A). Accordingly, the Objection will be sustained, and the Response will be overruled.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| | ) | |
| PATRCIA D. CLARK | ) | Case No. 10-11769 |
| | ) | |
| | ) | |
| Debtor. | ) | Chapter 13 |
| _____ | ) | |

**PARTIES IN INTEREST**

Donald K. Speckhard, Esq.

Harry G. Gordon, Esq.

Anita Jo Kinlaw Troxler, Esq., Chapter 13 Trustee